Fahey v. Clarke, &c.

Case 112—EQUITY—January 20, 1883.

# Fahey v. Clarke, &c.

### APPEAL FROM WARREN CIRCUIT COURT.

1. All the creditors of a debtor having made a composition with him except one, whose debt is insignificant, viz: two dollars and fifty cents, one who signed it will not be permitted to take advantage of the others upon the ground that all have not signed.
2. An assignee for the benefit of creditors, although a creditor himself, is entitled to compensation for his services as such, if the circumstances of the case authorize it.
3. The allowance to the attorney of the trustee is reasonable.

E. W. HINES and B. T. PROCTOR for·APPELLANT.

1. The agreement pursuant to which the deed was executed was not signed by·all the creditors.
2. The deed was executed to hinder, delay, and defraud creditors, and was not drawn according to the agreement.    (5 Tenn., 530; Burrill on Assignments, 96; 3 McLean, 177; 1 Story on Cont., sec. 32; 22 Wall., 53; Faris v. Dunn, 7 Bush, 287; 7 Neb., 21; 6 N. Y., 510; 13 Ib., 215; 27 Ib., 310; Sutton v. Cleveland, 11 Mich.; Gen. Stat., ·chap. 44, art. 1, sec. 1; Burrill on Assignments,·305; Gen. Stat., 993; Miles v. Bacon, 4 J. J. Mar., 463; 2 N. Y., 370; 17 Ib., 24; 9 Bush, 23; 9 B. Mon., 180.)

HALSELL & MITCHELL for APPELLEES.

1. The only creditor who did not sign the composition was J. E. Herndon, whose claim was only two dollars and fifty cents.
2. The fraud relied·upon is not specifically averred,·and none is proved. (Civil Code, sec. 194; subsec. 1, par. 2; Ib., sec. 196; Ky. Law Jour., vol. 1, No. 2, pp. 64, 57, 61; Gen. Stat., chap. 44, art. 1; McKinley v. Combs, 1 Mon., 106.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The composition agreement made with Clarke by his creditors was signed by all of them except one, who held a debt against him for $2.50.

The creditors who signed it had debts amounting to over $4,000, and we do not think the appellant, a creditor who signed the composition agreement on condition that *all* the other creditors should sign it, can be allowed to violate the agreement, and by suing out an attachment obtain a preference over the other creditors because all the creditors had not signed, when it is only shown that a creditor with a demand for $2.50 is the only one who failed to sign the composition.

The agreement was substantially and legally complied with, and the deed made in pursuance of it must be upheld.

The facts of this case show a considerable effort upon the part of the debtor to pay all he could on his debts. He surrendered his homestead by the deed, as the agreement stipulated he would do, and to allow the appellant, after the surrender of the homestead, to be released from the composition because so insignificant a claim was not represented as stated, and to obtain a superior advantage of all the other creditors, and make the whole of his debt by attachment out of property whose exemption was waived by the composition, would be to encourage and hold out the greatest temptation to enter into composition agreements for the purpose of breaking them to obtain an advantage.

The action of the trustee is shown to have been perfectly fair, and the sale of the land made in good faith and for fair value, in view of the decline in lands.

The allowance of $50 to the attorneys for managing the suit was reasonable, and the appellant should be the last to

complain, as his conduct caused all the trouble, and most of the delay and strife in the settlement of the trust.

The remaining question as to the allowance to the trustee for his services, when not provided for by the deed of trust, he being a creditor, presents but little difficulty in the light of recent adjudications, modern and more enlightened practice.

In the case of Phillips' adm'r v. Bustard, &c., 1 Ben. Mon., 349, this court stated the British rule and the reasons therefor on the subject, and showed, as we think, conclusively their fallacy and impolicy, and laid down the rule tersely and philosophically, that "whenever it may be presumed that compensation was expected, and seems to be reasonable and just," it ought to be allowed, even to a creditor, for trouble and responsibility as trustee, although no agreement for compensation be made: the court citing 3 Binney, 457; 1 Washington, 246; 4 H. & Mun., 415.

The trustee Talbott had but a small claim comparatively; he was not more greatly interested than other creditors, and that he expected compensation is not unreasonable, as he certainly ought to have had compensation. It would be unjust to allow other creditors to profit by his care and judgment, and award him nothing for his trouble and responsibility, when he receives precisely the same *pro rata* on his debt as other creditors who could not have inferred from the contract or circumstances that he, being a creditor, undertook the discharge of the trust and the incident responsibilities without expecting any reward.

His undertaking should be construed according to reason and justice; and while a trustee should not be allowed compensation in the absence of a contract therefor, when, being a creditor, he voluntarily undertakes to perform the trust,

if the facts show he did not expect reward, yet if the facts and circumstances of the undertaking, the condition of the trust property, the purpose of the maker of the trust, the relationship of the parties, and the character and amount of the claims, show that a reasonable person would expect, and ought to have compensation, it should not be denied. There can be no doubt that the amount of the compensation was not too great, being less than four per cent. Wherefore, the judgment is affirmed.